UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RUTLEDGE,<br><br>  Petitioner,<br><br>v.<br><br>LASSEN COUNTY JAIL,[1]<br><br>  Respondent. | No. 2:18-cv-1600 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, formerly a county jail inmate proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and had requested leave to proceed in forma pauperis while incarcerated pursuant to 28 U.S.C. § 1915. See ECF Nos. 1, 2. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

////

////

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). The court notes for the record that the current Sheriff of Lassen County Jail is Dean Growdon. Therefore, the court will direct the Clerk of Court to substitute his name as the respondent in this matter in lieu of "Lassen County Jail." See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (citation omitted) (stating proper respondent in federal habeas corpus petition is petitioner's immediate custodian).

For the reasons stated below, the undersigned will recommend that petitioner's motion to proceed in forma pauperis be denied as moot. The undersigned will also recommend that this action be summarily dismissed.

I.  IN FORMA PAUPERIS APPLICATION

Petitioner submitted an affidavit and jail trust account statement that made the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Normally, the fact that petitioner is no longer incarcerated would warrant petitioner being directed to complete and submit a non-prisoner application to proceed in forma pauperis if he wished to continue with in forma pauperis status. See e.g., Adler v. Gonzalez, No. 1:11-cv-1915 LJO MJS (PC), 2015 WL 4041772, at *1-*2 (E.D. Cal. July 1, 2015), report and recommendation adopted, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015). However, because the undersigned is recommending dismissal of this action, the court will instead deny the instant application as moot.

II.  THE PETITION

Petitioner filed the instant action in June 2018. See ECF No. 1. At that time, he was incarcerated in Lassen County Jail ("LCJ"). See id. at 1. Lassen County Jail is the currently named respondent in this action. See generally ECF No. 1. However, the ground for relief in the petition names what appear to be two LCJ employees – Officer Bunn and Officer Foster – as the individuals who purportedly acted against petitioner under color of law. See generally id. at 3.

Petitioner alleges that his rights were violated when he filed a report pursuant to 42 U.S.C. § 15602[2] – the Prison Rape Elimination Act ("PREA") – against Officer Bunn,[3] yet Officer Foster failed to allow petitioner to make a phone call related to the incident. See ECF No. 1 at 3. Petitioner contends that the actions of Officer Bunn and the inaction of Officer Foster violated his civil rights.

////

---

[2] 42 U.S.C. § 15602 is currently codified as 34 U.S.C. § 30302.

[3] Although petitioner's handwriting is difficult to read, it appears petitioner is alleging that Officer Bunn sexually harassed him when he touched him in a sexual way. See ECF No. 1 at 3. The incident is alleged to have occurred in front of petitioner's cellmate and another jail official. See id.

2

III. APPLICABLE LAW

    A. Standard of Review

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court must also dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or that fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

    B. Relevant Law

        1. 34 U.S.C. §§ 30301-30309: Prison Rape Elimination Act

The purpose of the PREA statutes – 34 U.S.C. §§ 30301-30309 – is to "establish a zero-tolerance standard for the incidence of prison rape in prisons in the United States." 34 U.S.C. § 30302(1). While PREA authorizes the reporting of incidents of rape in prison, the allocation of grants, and the creation of a study commission, it does not give rise to a private cause of action. See Porter v. Jennings, No. 1:10-cv-1811 AWI DLB PC, 2012 WL 1434986, at *1, (E.D. Cal. Apr. 25, 2012) (collecting cases); Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4 (E.D. Cal. Dec. 15, 2009) (citations omitted); see generally Blessing v. Freestone, 520 U.S. 329, 340-41 (1997) (statutory provision gives rise to federal right enforceable under Section 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms").

        2. 28 U.S.C. § 2254: Scope of Habeas Jurisdiction

Claims in a federal habeas petition must lie at the core of habeas corpus in order to be actionable. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016). Specifically, habeas jurisdiction extends only to claims challenging the

validity or duration of a prisoner's confinement. See generally Muhammad v. Close, 540 U.S. 749, 750 (2004); see also Nettles, 830 F.3d at 927.

IV.     DISCUSSION

"The Supreme Court has recognized that federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a complaint under . . . [Section 1983]." Nettles v. Grounds, 830 F.3d at 927 (brackets added) (internal quotation marks omitted). Accordingly, when complaints related to imprisonment cannot properly be brought under Section 2254, the court considers whether they can be converted to a Section 1983 action.

As stated above, the PREA did not create a private right of action for inmates to sue prison officials for noncompliance. See Hatcher v. Harrington, No. 14-0554 JMS KSC, 2015 WL 474313, at *4-*5 (D. Haw. Feb. 5, 2015). To the extent petitioner alleges that his rights under the PREA have been violated, he therefore fails to state a cognizable claim for relief. See Law, 2009 WL 5029564, at *4 (stating PREA creates no private right of action; created to study problem of prison rape). Accordingly, conversion of the instant habeas petition into a civil rights complaint under Section 1983 would be futile.

Moreover, to the extent if any that the facts alleged might suggest any other claim potentially cognizable under Section 1983, the consequences of conversion by the court weigh against construing the petition as a civil rights complaint. First, the Prion Litigation Reform Act ("PLRA") requires payment of substantial filing fees; in forma pauperis status would mean that the fees become payable over time, not that they are waived. See 28 U.S.C. § 1915(b). Second, the complaint as framed does not support a civil rights claim and it is unknown whether additional facts could be added by amendment that would present a viable claim. Third, summary dismissal of a civil rights complaint on the merits could count as a "strike" under the PRLA, a result that could limit petitioner's ability to litigate in the future. See § 1915(g) ("three strikes" rule). Because of these potential adverse consequences, the undersigned will not construe the habeas petition as a civil rights complaint. If petitioner wishes to file a civil rights complaint knowing these potential consequences, he is free to do so.

////

For the reasons set forth above, the petition falls outside this court's habeas jurisdiction and should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall:

1. Randomly assign a District Court Judge to this action;

2. Change the currently named respondent, "Lassen County Jail," to "Dean Growdon, Sheriff of Lassen County," in the case caption of the docket, and

3. Serve a courtesy copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) be DENIED as moot;

2. Petitioner's application for a writ of habeas corpus be SUMMARILY DISMISSED for failure to state a claim upon which relief may be granted, and

3. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See 28 U.S.C. § 2253(c)(2).

DATED: February 11, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5